LAW OFFICES
WILLIAMS & CONNOLLY LLP

JOSEPH M. TERRY
(202) 434-5320
jterry@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 23, 2024

<u>Via Electronic Case Filing</u>

Lyle W. Cayce
Clerk of Court, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    Rule 28(j) Response in *Favre v. Sharpe*, No. 23-60610 (argued July 9, 2024 before Southwick and Duncan, JJ., and Kernodle, DJ.)

Dear Mr. Cayce:

    I write in response to appellant's Rule 28(j) letter discussing *Amin v. NBCUniversal Media LLC*, 2024 WL 3188768 (S.D. Ga. June 26, 2024).

    *Amin* provides no support for Favre's arguments. In explaining its conclusion that statements that the plaintiff was a "uterus collector" were not rhetorical hyperbole, the court emphasized the "context" in which those statements were made: multiple pieces of serious investigative reporting by NBC and MSNBC regarding reports of mass, unconsented-to hysterectomies performed on detained women. *Id.* at *17. The court noted that although the challenged statements "could be construed as absurdist, even comical" in other contexts, the speaker delivered them "emotionally and seriously," and "NBC treated the statements with equal gravitas." *Id.* at *17. The court also described the extensive research and approval process conducted by NBC before publishing the at-issue statements in four separate broadcasts. *Id.* at *3-4.

    Here, the relevant "context"—a sports debate show segment in which Sharpe used over-the-top, figurative terms to express his views on facts reported by *Mississippi Today*—makes clear that Sharpe's statements about "stealing" were not factual assertions. Moreover, the *Amin* court found that the "undisputed evidence" established that *numerous* facts reported by NBC were "verifiably false." *Id.* at *16. By contrast, Favre does not dispute the facts reported by *Mississippi Today* or any statements in the challenged broadcast aside from Sharpe's three non-literal references to "stealing" or "taking." Sharpe Br. 10, 12, 30, 48. The contrast between

WILLIAMS & CONNOLLY LLP

July 23, 2024
Page 2

*Amin* and this case only reinforces that Sharpe's statements are constitutionally protected rhetorical hyperbole.

　　Favre also references *Cianci v. New Times Pub. Co.*, 639 F.2d 344 (2d Cir. 1980). *Cianci* is discussed in Favre's reply brief (Reply 8) and is therefore not the proper subject of a Rule 28(j) letter. Regardless, *Cianci* does not support Favre's arguments. *Cianci* involved a seven-page article containing highly specific accusations of criminal conduct—including details of an alleged rape, lie-detector results, and other "items of evidence in [a] police file"—which implied "the scuttling of a well-founded criminal charge by buying off the victim." *Id.* at 60, 64. *Cianci* bears no resemblance to this case.

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　*/s/ Joseph M. Terry*

　　　　　　　　　　　　　　　　　　Joseph M. Terry

cc:　　All counsel of record

**CERTIFICATE OF SERVICE**

      I, Joseph M. Terry, counsel for Shannon Sharpe and a member of the Bar of this Court, certify that, on July 23, 2024, a copy of the foregoing letter was filed with the Clerk and served on the parties through the Court's electronic filing system. I further certify that all parties required to be served have been served.

                                                                           /s/ *Joseph M. Terry*
                                                                           Joseph M. Terry

July 23, 2024