LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

JOSEPH M. TERRY
(202) 434-5320
jterry@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

September 6, 2024

<u>Via Electronic Case Filing</u>

Lyle W. Cayce
Clerk of Court, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

   Re: Rule 28(j) Response in *Favre v. Sharpe*, No. 23-60610 (argued July 9, 2024 before Southwick and Duncan, JJ., and Kernodle, DJ.)

Dear Mr. Cayce:

  I respond to appellant's August 29, 2004 Rule 28(j) letter.

  While making passing reference to *Palin v. New York Times*, 2024 WL 3957617 (2d Cir. Aug. 28, 2024), appellant's letter principally serves as an unauthorized supplemental brief, rearguing previously cited cases, referencing a treatise, and injecting new, unpleaded factual material. Appellant's letter is improper and unavailing.

  The only new authority cited by appellant, *Palin*, has no relevance here. *Palin* addressed a Rule 50 judgment as to the sufficiency of actual malice evidence.[1] The district court's ruling in *Palin* turned on its assessment of witness credibility and interpretation of testimony. *Id*. at *8-12. The Second Circuit held the district court "improperly intruded on the province of the jury by making credibility determinations, weighing evidence, and ignoring facts or inferences that a reasonable juror could plausibly have found to support Palin's case." *Id.* at *1. But actual malice is not at issue here; nor the credibility or import of testimony. At issue is whether the challenged statements constitute rhetorical hyperbole and/or opinion based on disclosed facts.

---

[1] Appellant notes that the Second Circuit previously reversed the district court's Rule 12(b)(6) ruling because it relied on materials outside the pleadings. Appellant never argued below that the district court should not consider materials outside the pleadings and in fact submitted his own additional materials. ROA.528 n.1.

WILLIAMS & CONNOLLY LLP

September 6, 2024
Page 2

That question is for the court: "Under Mississippi law, the trial court in a defamation case must make the threshold determination of whether the language in question is actionable." *Mitchell v. Random House, Inc.,* 703 F. Supp 1250, 1256 (S.D. Miss. 1988), *aff'd*, 865 F.2d 664 (5th Cir. 1989); *accord Rapaport v. Barstool Sports Inc.*, 2024 WL 88636, at *2 (2d Cir. Jan. 9, 2024).

     Appellant's assertion that a non-party wrote a book allegedly defaming him is neither an appropriate basis for a Rule 28(j) letter nor relevant. The meaning of any statement is drawn from its context, and statements by the Mississippi State Auditor in 2024 following his investigation into appellant's misconduct have no bearing on the meaning of statements made during a sports debate program years earlier.

Sincerely,

*/s/ Joseph M. Terry*

Joseph M. Terry

cc:    All counsel of record